FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2019 FEB -6  A 11: 40

US DISTRICT COURT
BRIDGEPORT CT

Docket No FBT-CV 17-5034441-S.

Case No. 3:19 cv 178 (CSH)

<u>LUCIA   CINOTTI</u>
  PLAINITFF

V

<u>SHRED IT U. S. A. LLC</u>
  DEFENDANT(S)

<u>LAHIRI DILIP KUMAR</u>                February 5, 2019

  DEFENDANT(S)

## <u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT OF CONNECTICUT</u>

Pursuant to Practice Book Section 72-1 (a) (4) and Section 72-3 (a), the petitioner

Respectfully maintains "(a Writ of Error for errors in matters of law only may be brought

from a final judgment in the following case (1) a denial of transfer of a Small Claims

action to the regular docket  (2)  as otherwise necessary or appropriate in aid of its

jurisdiction and agreeable to the principal of law (3) where no statutory right of appeal

exists.

  A writ of error in the referenced case contains an error of law which the Petitioner

desire to present for correction. Specifically, the error alleged is that the Pursuant to

Practice Book Section 72-2, the facts upon which Petitioner   relies, and relief sought.

Respectfully submitted,

BY _____
  LUCIA CINOTTI Plaintiff- PRO SE
P. B. Box 2223, SHELTON CT 06484
  FINEHOMES100F@AOL.COM

# <u>CERTIFICATION</u>

THIS IS TO CERTIFY THAT THE A COPY OF THE ABOVE MOTION WAS MAILED TO THE COUNSEL
AND PARTIES OF THE RECORD ON FEBRUARY 6, 2019.

## Defendant(s)

## SHRED IT U.S.A LLC

Attorney: Morrison Mahoney LLP (404459)
One Constitution Plaza,10th flr
Hartford   CT 06103

## LAHIRI DILIP KUMAR

Attorney: Morrison Mahoney LLP (404459)
One Constitution Plaza, 10th flr
Hartford CT   06103

The Plaintiff,

BY_____
LUCIA CINOTTI, PLAINTIFF Pro se

# TABLE OF CONTENTS

PAGE

WRIT OF ERROR..............................................................................................................1

SMALL CLAIM AND NOTICE OF SUIT................................................................................2

AFFIDAVIT...................................................................................................................3

MOTION TO REARGUE MOTION TO TRANSFER.................................................................4

STATEMENT OF ISSUES..................................................................................................5

ARGUMENT...................................................................................................................6

LAW.............................................................................................................................7

NOTICE OF JUGMENT.....................................................................................................8

Docket NO: FBT-CV-17-5034441-S                    : SUPERIOR COURT

Lucia Cinotti                                                     : J D.  OF FAIRFIELD

       V.                                                        :  AT BRIDGEPORT
SHRED IT U.S.A. LLC, Et Al

                                               February 4, 2019

## WRIT OF ERROR TO SUPREME COURT

Pursuant to Practice book section 72-1 (a) (4) and Section 72-3 (a), the Petitioner

Respectfully maintains "(a Writs of Error for errors in matter s of law only may be brought from

a final judgment of to the Supreme Court in the following case  (1) a denial of transfer of a

Small Claims action to the regular docket (2) as otherwise necessary or appropriate in aid of its

jurisdiction and agreeable to the principal of law (3) where no statutory right of appeal exists.

A writ of error in the referenced case contains an error of law, which the Petitioner desires to

present to the Supreme court for Correction. Specifically, the error alleged is that the

Pursuant to Practice Book Section 72-2, the facts upon which Petitioner relies, and the Relief

Sought, follow.

§ 24-1.In General, 1 Conn. Prac., Super. Ct. Civ. Rules § 24-1 (2018 ed.)

App. at 605.

A writ of error is the appropriate method to seek review of a small claims judgment as exceeding the jurisdictional money limit where the denial of review would work surprise or injustice and where the party seeking the writ of error had neither opportunity nor notice that he needed to seek a transfer to the regular docket of the superior court prior to the deadline. Newtown Pool Service, LLC v. Pond, 140 Conn. App. 514, 59 A.3d 378 (2013).

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| a0 | Of The Connecticut Bar. |
| a1 | Of The Connecticut Bar. |
| * | Authors Comments by DANA M. HRELIC. |

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

## STATEMENT OF FACTS

**I.**   **Factual Background**

1).   On March 20, 2017, Plaintiff's car was parked (but not occupied), when it was damaged by a vehicle owned by Shared It.,U.S.C, LLC and driven by Mr. Kumar Dilip Lahiri. A police report was issued, and explicitly describes the Defendant driving on the wrong side of the Street.

2).   On April 4, 2017, the Plaintiff contacted the Defendants insurance carrier *The Hartford*, and submitted the police report, and several estimates all "consistent" on vehicle damages appraisals for repairs to which was submitted to Ms. Tucker-Fields the Representative of *The Hartford, by return receipt confirmation by* Certified mail . To no Avail.

3).   On May 2, 2017, The Hartford Insurance received additional correspondence from the Plaintiff Attorney Lawrence Parnoff's, stating  Reports of damages costs,  To no Avail.

4)   On May 31, 2017, Plaintiff- Pro se  litigant  instituted herein this action on the Small Claims District of Bridgeport, the general purpose of these rule to secure *expedite, prompt and inexpensive hearing"*.

5.   On July 19, 2017, Plaintiff -Pro se filed a Motion for Default for Failure to Plead.

Defendant's failed to file an answer. Exhibit -

6   On January 19, 2018, a default judgment was entered (Entry #108) in Plaintiff
   favor after much delay, by the Defendant's, failure to plead, and failure to appear.

a).   No answer entered by the Defendants where Practice Book § 24-21 (a) (1) provides  established facts and consistent within Motion to Transfer "must be filed on or before the answer date".    Exhibit -

b).   Plaintiff's claims an amount greater than the jurisdiction of the Small Claims Court, where damages are undisputed, and unliquidated exceeded the $5,000.00 greater than the jurisdiction.

c).   An affidavit stating that a good reason exists to the claim and setting forth with specificity of the affidavits previously submitted.  Exhibit –

   *"The Hartford Fire Insurance"* Defendant's ongoing actions of Violations of Sec**. 38a-816 (6) (N).**  of the General Statues of ongoing Violation and provisions contained in Connecticut Bulletin CL-1, failure to offer settlement as direct Violation of **Section (6)(N)** of the  **Connecticut Unfair Insurance Practices Acts**  an Insurance carries fails to "promptly provide a reasonable  explanation of the basis in the insurance policy in relation to the facts or applicable law of a claim.

9.    *On April 27, 2018, Magistrate Elaine A. Braffman, Order  (Entry #111). Magistrate Braffman rendered an order* <u>without acknowledged the Plaintiff Pro se, eyewitness.  or damages costs appraisals.</u>

10.    **On April 29, 2018, Plaintiff filed **Motion to Re-open,**(Entry#113).**JD-CV-51)** Indicates: " Plaintiff can bring evidence and eyewitness to the hearing..

   NOTE.    After   (6) six   months of   unreasonable   delayed   by   court officer/commissioner of the   Court.

   ***On October 26, 2018, Magistrate Braffman, order .**Denied.** Plaintiff motion    (Entry #113) procedural filed (JD-CV-5).

   *a).    Magistrate Braffman, dismissed complaint **without hearing  denied**
   b).    Magistrate Braffman failed hear Plaintiff or witness that Appeared to testify to   Relevant appraisals to the damages, pending since May 31, 2017.*

   *As a result this Plaintiff has continued to sustain extreme financial loss. Been highly prejudiced, and violation of due process;*

   *Plaintiff seeks writ of error    To be heard "procedural safeguards    including the right to cross-examine   a dverse witnesses and the right to call witnesses, Refers to fair procedures*

   *The Plaintiff has been financially aggrieved and seeks damages the amount, costs, interest, in demand. Exclusive of interest and costs, is greater than **$5,000.00** but   less than $15,000.00. , unreasonable delay by the court has Caused an additional financial hardship on this Plaintiff.*

12.    January 18, 2019,. Plaintiff object the hearing scheduled by the court for **Hearing lack notice to this Plaintiff.** (Entry #121) being denied due process;

   a).    Plaintiff has been financially damaged on a pending case since March    May   20, 2017.

   b).    Plaintiff has submitted a Motion to Transfer to a Regular Docket stating that a good reason exists with specificity the nature of the motion and attached affidavit, Plaintiff has satisfied the conditions are met herein Connecticut Practice Book §24-21.

13.    On January 18, 2019, and  again deprive this Plaintiff, "again"  of her due process, **lacks of notice  of scheduled hearing**, and deprive this pro se litigant of fundamental due process, and an opportunity  for a hearing on record

   Plaintiff pro se 'NOT" marked her motion **"take paper"**. This instant case,   lack of impartiality exhibit by the officer/commissioner of the court of a continued effort to further deprive this Plaintiff- pro se litigant of her due process of law/fair procedure, and her rights and to legal recourse.

   The Plaintiff has sustained extreme financial hardship in this instant case. *The Defendants' have been unjustly enriched. To date, NOT PAID.*

Note. The court scheduled hearing for January 18, 2019**, lack of notice of the Plaintiff Pro se**, and show impartiality and further prejudice the Plaintiff-pro se, again being *denied the opportunity to be heard on record* <u>(Eyewitness) or to present evidence of facts;</u>

*The Defendants' have been unjustly enriched. To date,*

*Plaintiff has not been PAID, for damages sustained now exceeds greater amount jurisdiction of the Small Claims Court.*

WHEREFORE,

THE Petitioner, hereby respectfully request to transfer the above referenced matter

to the Regular Docket of the Superior Court.   Petitioner wishes to preserve and

safeguard her legal rights to a jury trial,   Petitioner requests that this motion be

Granted.

Respectfully submitted,

THE PLAINTIFF

By-

Lucia Cinotti,-Pro se
P.O. Box 2223, Shelton CT 06484
finehomes100f@aol.com

## AFFIDAVIT

1. On March 20 2017, Plaintiff property "parked car" sustained damages by the Defendant's. A police report was issued and (3) appraisals for repairs were provided, to the defendant's by fax e-mails and *certified mail received* by the Defendant's. There was no response from the Defendant's.

2. Thereafter on May 31, 2017, Plaintiff filed a Small Claim. .

3. On July 19, 2017, Plaintiff filed a Motion for Default for Failure to Plead. (Entry   #102)

   On August 25, 2017. The Defendants filed an appearance.

4. On January 18, 2018, the on the eve of the hearing the defendant's filed a   continuance without notifies the Plaintiff.

5. On January 19, 2018, Magistrate Paul Ruszczyk granted, Motion for Default against the property damages.

   a. The court failed to issue the judgment constitute economic injury to the plaintiff.
   b. The Plaintiff aggrieved to be entitled to bring a writ of error in matter of   law.
   c. THEDEFENDANTS *SHRED IT U.S.A., LLC.,*  LAHIRI DILIP KUMAR" failed to  appear.

6  On March 2, 2018, Plaintiff was ready to present her evidence, in court eyewitness and (3) appraisals of Plaintiff's property damages and police report, Magistrate Patchen continued the case

7.  On March 29, 2018, Magistrate Patchen,   Confirmed by his own email,   "I had *not heard*      any evidence from this Plaintiff". *03/29/2018.*

8.  *On April 27, 2018, Magistrate Elaine A. Braffman entered an Order (entry #111)). Petitioner points out the order entered was **without evidence, eyewitness relevant      to the damages, or   Plaintiff testimony.***

9.  On April 29, 2018, the petitioner points out that it filed a Motion to Reopen the case and was continued unlawful unreasonable delayed by the court for several months to October 26, 2018.

   ** Noteworthy, Six Months (6) of unreasonable delay Small Claim Court.**

10.    On October 26, 2018, Magistrate Braffman, **Petitioner** points out **that her** Motion *to Open*……….. **DENIED, without hearing**, clear violation of rights "DUE PROCESS" **§**2.5.1 "every person who   appears in court expects to receive a determination of this case based on the merits of the case.

The Supreme Court of Connecticut Practice Book §72-1 provides: (a) Writ of Error

for errors in matter of law; has jurisdiction over A denial of transfer of *a Small*

*Claims Action* to the Regular Docket.

General Statues §52-272. Conclude that appellate review was necessary for

Constructing our statues for Small Claims cases, as one consistent body of law, as

Vartuli V. Sotire, 192 Conn.353, 72 A.2d 336 (1984), the General Statues

§51-197a  as amended by public Acts. Spec. Sess., June, 1983, No. 83-29, §3 does not

 preclude form entertaining a writ of error pursuant to General

Statues 52-272 from the Small Claims division of the Superior Court and therefore

have   jurisdiction.

        The Plaintiff claim of error concerns the trial courts' refusal to grant   her motion to
transfer     the case to the regular docket.  That motion was filed…October 26, 2018, and,

Pursuant to   Practice   Book§ 572, was accompanied by an affidavit stating that

a good defense to the claim existed and specifying its nature, and requested a transfer.

This case has now exceeded the $5,000.00

 WHEREFORE

Petitioner request the following relief:

For the above listed reasons, Plaintiff wishes to preserve her rights to jury trial, and to the

appellate process, to defend her legal rights vigorously as possible of the Plaintiff requests

that this motion to transfer to regular docket , be granted.

Respectfully submitted,

BY_____

Lucia Cinotti, Plaintiff -.Pro se
P.O. BOX 2223, Shelton CT 06484
FINEHOMES100F@AOL.COM

NOTARY PUBLIC

Exp. JAN 31, 2021

Docket NO: FBT-CV-17-5034441-S                    : SUPERIOR COURT

Lucia Cinotti                                                      : J D.  OF FAIRFIELD

          V.                                                          : AT BRIDGEPORT
SHRED IT U.S.A. LLC, Et Al
                                                                    February 4, 2018

## MOTION TO REARGUE
## MOTION TO TRANSFER

The Plaintiff, respectfully moves the court for re-argument of her motion to transfer the
above case to regular docket.  The record reflects that Plaintiff filed Motion to Transfer
(entry #120), and  (entry# 122). Plaintiff- pro se asserted been financially aggrieved.

On January 18, 2019, order (entry #124), is not Consistent to the doctrine of

Res judicata.   In the present case, Res judicata is barred, that the existing

judgment was obtained by fraud and collusion.

At the outset of this case, the records reflected by multiple eyewitnesses, and

affidavits produced, and addition to the Plaintiff, there was collusion and fraud

in court.

The doctrine of Res judicata is barred, when the judgment *rendered was procured not*

*based on the merits of the case, but procured by fraud and collusion*, .......as new

litigation will not be barred if the former judgment was procured through such means.

See  Weiss v. Weiss,, 297 conn.446, 470, 998 A.2d 766 (2010). (Res judicata does not

apply to judgments obtained through fraud or collusion [when the] facts and events

themselves arose by the dishonest misconduct of  Magistrate Joseph Patchen,

presiding   over this Plaintiff case CV-17-5034441-S, lead to his *own recusal* on

March 2, 2018, this allegation in court was eyewitnesses, at the outset.

 The records reflects, thereafter, Plaintiff detailed affidavit directed to the office of the Chief

Court Administrator Records reflects, in accordance with either the stated rules procedure specified. , §24-1. In General, 1 Conn. Prac., Procedural Super, CT Civ. Rules §24-1 (2018).

On July 17, 2018, Plaintiff contacted Attorney Robert Wilock, Chief Clerk of the Bridgeport Superior Court, in a written affidavit and detailed the *collusion and fraud upon this Plaintiff,*   No action, or reply by the Chief Clerk, the matter remained unresolved.    Thereafter, procedural, the records reflects....Plaintiff, and Eyewitness Affidavits.

On October 26, 2018, Plaintiff, contacted the Chief Clerk Wilock, and again this Plaintiff was ignored.    Rules   §24- 1 "*Any comment as to the operation of the Small Claims Court should be directed to the office of the Chief Court Administrator,* chain command of authority... to no avail.

The records reflects, the same order of dishonest conduct, was with Magistrate Baffman, in the absence of facts, or existence of testimony, relevant evidence... Preclusion of the court denial of the Plaintiff- Pro se eyewitness prevented to testify a determination of the issues, facts, therefore the judgment rendered was not valid, and, therefore cannot sustain the integrity of the judicial final judgment.

Records reflects, Magistrate Patchen *recusal* of himself from this Plaintiff litigant, case, records reflected to his own disgraceful action *of misconduct of collusion* and fraud with defendants, "Hartford Insurance" and records reflected by other eyewitness, in addition to the Plaintiff.

Res judicata applies*, if the judgment rendered was on the merits of the case, not on fraud and collusion, as the instant case.*

Plaintiff- Pro se, asserts, that Res judicata does not apply to judgment obtained by the Defendant's "*The Hartford Insurance*" was a direct fraud and collusion, with the Magistrate Patchen, and to *huge financial detriment sustained by this Plaintiff*, and to unjust enrichment to the defendants " Hartford Insurance" .... The doctrine of Res judicata holds that an existing judgment rendered on fraud and collusion *is barred*

*by the Res judicata.*

Plaintiff- pro se, argues on *unreasonable delay by the court*, has caused undue Additional financial hardship, where both liabilities Claim has far exceeded the small claim of Originally amount filed on May 31, 2017.   And damages are now exceeded the $5000. In demand exclusive of interest and court costs, attorney fees excess $15,000.00. Plaintiff motion and her right to a jury trial The Plaintiff has been financially aggrieved wish to preserve and safeguard her legal rights.

**Wherefore;**

Respectfully request the Court for remedy case transfer at regular docket.

Respectfully submitted,

By_____
Lucia Cinotti,, Plaintiff-Pro se
P.O. Box 2223, Shelton CT  06484.

ORDER    432310

DOCKET NO: FBTCV175034441S

CINOTTI, LUCIA
   V.
SHRED IT U.S.A. LLC Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
   AT BRIDGEPORT

1/18/2019

## ORDER

The following order is entered in the above matter:

ORDER:

The Plaintiff is barred from transferring this adjudged matter to the Superior Court. The legal doctrine of Res Judicata applies.

Judicial Notice (JDNO) was sent regarding this order.

432310
_____

Small Claims Magistrate:
SUSAN HELEN STUBAN MONKS

*EXHIBIT -1*

July 17, 2018
RE: Docket No: CV-17 5034441-S
Small Claims  Tort-Motor Vehicle

On March 2, 2018,  Magistrate Joseph J. Patchen, and  Attorney  Kaelah M. Smith, discussed  among themselves , how much settlement to offer this Plaintiff.  This agreement  was reached outside the presence of this plaintiff, and without reviewing Plaintiff evidence.

On May 14, 2018, Attorney Kaelah M. Smith, admitted, acknowledge, and confirmed in writing, that she had reached an agreement with Magistrate  Patchen, outside the presence, or  any knowledge or afforded to  the  Plaintiff.

On March 2, 2018,  Magistrate Patchen  ORDER.   *"Plaintiff at the start of the hearing made inappropriate statement to the court and challenged the Court's Ability to understand this case when he Court attempt to explain issues at Court Procedure"*.

Magistrate Patchen , offered no explanation why he recused himself?  Is highly contradictory, because he had the authority to hear the case or dismiss the case.

Magistrate Patchen comment, about this Plaintiff are utterly false statement being  posted on your Judicial Website on your Judicial website  are utterly false, and  highly defamatory, and harmful  to the Plaintiff case, and Plaintiff  reputation.

Magistrate Patchen  *by his own dishonest misconduct, and unlawful action exceeded his authority, lead to his own recusal, ....... and knowingly violated Plaintiff's rights, COERCE  into a settlement, even before  Plaintiff had the opportunity to present her evidence to the court.*
*This plaintiff was deprived "Due Process of the law in a manner consistent with depravation OF RIGHTS UNDER THE COLOR OF LAW 'Exhibit-2*

**Rule 2.1** *("A Judge shall not make any public statement that might reasonably ex expected to affect the outcome or to impair the fairness of a matter pending or impending in any court or make any statement  posted on judicial website  that has  substantially interfered and harmful the  case or reputation  of a fair hearing"*
*Plaintiff was harmed, when the next Magistrate  Braffman On April 27, 2018, looked at the Judicial website  Magistrate Patchen notes  posted  as true facts  and <u>without reviewing none of the Plaintiff</u> estimates/her evidence, Magistrate Braffman.  Order " *    "After a lengthy and difficult trial"... ...
Highly inappropriate for a court order.

**Noteworthy;** On 04/27/18, Plaintiff's asserts that  the **hearing lasted  (22 minutes and 36 seconds)** ...  Facts... Magistrate Braffman, issued her order  <u>without reviewing Plaintiff evidence.</u>  _To date,

On April 30, 2018, Plaintiff filed a Motion to reopen the case
These unlawful actions and defamatory statements have impaired the fairness of my pending case in court,  has already substantially interfered with a fair hearing and input an additional financial strain on this **Plaintiff**.   I have requested this utterly false comments  posted on online, *on  your Judicial Website to be removed immediately*,   are untrue, is biasing, and impair the fairness to my pending case,  biasing  future Magistrates  to my pending my case.

7-17-18

Lucia Cinotti

Notary Public :
Signed and sworn
before me. 7-17-18

< 33 Results for **wilock**

**Wilock Small Claims Magistrate**

From: previews <finehomes100f@aol.com>
  To: finehomes100f <finehomes100f@aol.com>
Date: Tue, Oct 9, 2018 12:01 pm

📎 0518_001.pdf (75 KB)

———Original Message———
From: previews <finehomes100f@aol.com>
To: robert.wilock <robert.wilock@jud.ct.gov>
Sent: Wed, Jul 25, 2018 11:47 am
Subject: Small Claims Magistrate

Dear Attorney Wilock

Subject: Attached  affidavit dated July 17, 2018.  Docket No. **CV 17-175034441S**

I was advised to formally notify your office of my  sworn affidavit  of  ongoing issues  with Small Claims Magistrate .
My affidavit  states my request.  Thank you

Sincerely,

Lucia Cinotti

Exhibit - 2

50344 41

Docket NO: FBT-CV-17-50344-S                           : SUPERIOR COURT

Lucia Cinotti                                                      : J.D. OF FAIRFIELD

                    V.                                                 : AT BRIDGEPORT
SHRED IT U.S.A. LLC, Et Al

                                                                      October 26, 2018


## AFFIDAVIT


I, Heather Lindsay   being duly sworn, depose and say:

- That I am over the age of 18 years  and believe in the obligation of an oath

- That  I am familiar with the facts of this case

- That   I was the eyewitness in court at the Small Claim Room- C of the above action, and I
  eyewitness that Magistrate Braffman never allowed the Plaintiff- Pro se litigant Lucia Cinotti
  to speak or present evidence in court.  Only addressed to the opposing attorney throughout
  the said hearing  April 27, 2018.

- I am familiar because the order posted by Magistrate Braffman on the judicial website
  stated "After lengthy and difficult trial"   the so called "trial" lengthy was  less  than 22
  minutes, and the plaintiff's. was not allowed to introduce her evidence or eyewitness.

- Magistrate Braffman, noteworthy, Braffman never looked the Plaintiff's appraisals on
  damages or the police record.  I find appalled of her choice of word, in her court order,
  posted on the judicial website dated April 27, 2018, and the statement on the  Order is
  False"  the Plaintiff never was allowed to present her evidence

- On September 26, 2018.  The case was continued by the magistrate.

- I was appalled  to read Magistrate  Braffman  Order   04/27/18,  " defendant's *offer of
  payment is fair*" "signed by Magistrate Braffman  does not reflect or represent the facts
  I witnessed in court.

- On October 26, 2018, I was in Court Small Claim Room C as eyewitness, to this matter and
  again, this Plaintiff,  was not allowed to speak or present her evidence, and her case .
  The Magistrate only addressed the opposing counsel from the insurance company.

- To my knowledge, on the Judicial Website that this case is pending since May 31, 2017.
  That  its  a disgraceful for a small claim case, and despite a Motion for Default was
  entered against the defendant's on January 19, 2018.

  The defendant's never filed an answer in this case.

*I was eyewitness in court. To take notes, I noticed  the  Plaintiff  be  deprived  her  due process*

"No person shall be denied equal protection of the law, nor be subject to *segregation or discrimination....*". Title 42 U.S.C. § 1983 Civil Action for Depravation of Rights.

*Access to Justice" whom*   Ms. Krista Hess, Director, Court Operations claims she advocate and   promoting   "Access to Justice"   remains quite contradictory to me in terms of my experience within the court "wanton, "neglectful" or "Malicious" ongoing conduct as an employee of the State of Connecticut, are deliberately, "ongoing" actions to  deprived Pro se litigants *"equal access to the court"*

By _____
   Heather Lindsay

§ 24-1.In General, 1 Conn. Prac., Super. Ct. Civ. Rules § 24-1 (2018 ed.)

**1 Conn. Prac., Super. Ct. Civ. Rules § 24-1 (2018 ed.)**

Connecticut Practice Series TM    December 2018 Update

Superior Court Civil Rules
Wesley W. Horton[a], Kimberly A. Knox[a1]

Superior Court Rules

Procedure in Civil Matters

Chapter 24. Small Claims[·]

§ 24-1. In General

(a) The general purpose of these rules is to secure the prompt and inexpensive hearing and determination of small claims by simplified procedure designed to allow the public maximum access to and use of the court in connection with such claims. Any comments as to the operation of the small claims court should be directed to the office of the chief court administrator.

(b) All proceedings shall be simple and informal. The services of an attorney at law are permissible but not obligatory. Notice to the representative for a party shall be equivalent to notice to such party.

**West's Key Number Digest**

- West's Key Number Digest, Courts ⚏176

# STATEMENT OF ISSUES

I.    Whether the Plaintiff has met the conditions for transfer as specified in Practice Book §572.

II.   Whether transfer to the regular docket from the Small Claims docket is mandatory upon the moving party satisfying the conditions set out in Practice Book § 572.

## ARGUMENT

THE Plaintiff has met the three conditions for transfer as set out in   §572 of Conn. Practice Book.

1).    The Plaintiff filed a Motion to Transfer on October 26, 2018 (Entry#120), and Entery#122)

2).    Affidavit stating that a good defense exists to the claim and setting forth with specificity the nature of the defense, accompany the motion to transfer has been met as can be seen by the affidavit dated

3).    Plaintiff assert that the record reflects the terms specified by the court and   the

exhibits attached to the writ of error contain a copy with motion to transfer.

The Plaintiff is aggrieved by trial court action, and in support of this argument, the plaintiff

cites to statues, and precedent cases, judgments of small claims session citing

General Statues §51-197a, But Practice Book §72-1 (a) provides that a wit of error be

brought from a final judgment of the superior court to the Supreme Court in the following

cases: (1) a decision binding on an aggrieved party (2) a denial of transfer of a Small Claims   to the regular docket; and (3) as otherwise necessary or appropriate in aid if its jurisdiction and agreeable to the usages and principles of law.

As discussed herein, a writ of error is proper in this case.

That said erroneous judgment be vacated and motion to transfer be granted.

Plaintiff was materially injured that this court has jurisdiction

Pursuant Practice Book §72-1(a) 1(a). (4), and 60-1, despite the language of §72-1

(b) 2) which bars a writ of error when "the parties by a failure timely to seek a transfer

Or otherwise, have consented to have the case determined by a court or tribunal

from   which there is no right of appeal or opportunity for certification. "The Plaintiff

argues   that this court should grant the writ of error for two reasons: (1) to clarify the

lower court that the jurisdictional money limit applies both claims and awards, and

that jurisdiction is based on the amount (2) to avoid surprise or injustice to this

Plaintiff, because it could not have known that a motion to transfer would be

necessary given that the court could not award more than $5,000.

Noting.... this Plaintiff-pro se had no hearing (see attached affidavit.

In Cannavo Enterprises, Inc. V.  Burns 194 Conn.43, 48 478 A2d 601 (1984)

our Supreme Court held that notwithstanding the language in General

Statues §51-197a barring appeals from actions of the small claims court

A decision is appropriate through a writ of error.

The trial court had denied a properly filed motion to transfer. Id., 50-51;

.....see Burns. V.  Bennett, 220 Conn. 162.165. 595 A.2d 877 (1991). ("51-197a

does not preclude a writ of error... from a Small Claims division.

Citing   Veterans Memorial Medical Center v. Townsend, 49 Conn.

App.198 2010202,712 A2d 998 (1998), held that a writ or error was the

proper method to obtain review of a Small Claims judgment, In that case, the

Small Claims Court dismissed the Plaintiff's action without   a hearing.

Nothing that he Plaintiff had no hearing of any kind. Plaintiff relied on Practice

Book §60-1 to hold that under the limited circumstances of the case, the wit of

error was proper. Id., 201. In Safe Home security, Inc. V. Lewis, 52 Conn

App.780, 782727 A.2d 1289 (1990, Again relied on Practice Book §60-1 to

avoid injustice where the Plaintiff had no notice that the Small Claims Court

held a hearing without notice of the Plaintiff ....

    a).    Denied the Plaintiff motion to transfer without due process.

    b).    the defendants have been unjustly enriched.

The Supreme Court held that the writ of error was the proper avenue to obtain a

Plaintiff Asserts under the circumstances of Practice Book §60-1 are met, and the Plaintiff did not have an opportunity to seek a transfer prior to the deadline imposed by Practice Book   § 24-21 a writ of error   is the appropriate method to seek review of a Small Claims judgment, and is not barred by §51-197s. nothing in those decisions, nor in the statues itself,. bars review solely because the party bringing the writ of error failed to seek a transfer during the trial proceedings.

On April 27, 2018, Magistrate Braffman, order <u>... without reviewing Plaintiff evidence.</u>

On April 30, 2018, Plaintiff filed a Motion to Reopen the case.

On October 26, 2018.   Denied without hearing, and *unreasonable CONTINUED DELAY ...... OF (6)  SIX MONTHS.  * by the court.*   On October 26, 2018, before Magistrate Braffman, dismissed Plaintiff the case **without Hearing.**

**Wherefore;**

The petitioner has sustained substantial financial loss, and input an additional financial strain on the Petitioner to which, respectfully request relief for a transfer to regular docked.

Respectfully submitted,

The Plaintiff

BY_____

Lucia Cinotti- Plaintiff pro se

## LAW

A writ of error is the appropriate method to seek review of a Small Claim's

judgment is exceeding the jurisdictional money limited where the denial of review

would work surprise or injustice and where the party of writ of error had neither

opportunity nor notice that he needs to seek a transfer to the regular docket of the

Superior Court prior to the deadline. Newtown Pool Service, LLC v. Pond, 140 Conn

App.514, 59 A.3d 378 (2013.

The General Statues §52-272 provides in part: Writ of error in matter of

law   only may be brought from the judgment's predecessors of this statue to

require that the litigant bringing the writ of error be aggrieved.

**Pursuant to Practice Book Section72-1 (a) (4) and Section 72-3 (a) the petitioner

respectfully maintains that ( Monks, Mag)   referenced order entry #124)  on

January 18, 2019, contain an error of law. The petitioner *did not receive Notice of the

hearing*, which the petitioner desires to present to the Supreme Court for correction.

1).   The order is deficient, in any aspect; (**a**) Res judicata does not apply to judgment
obtain through fraud and or collusion.      (**b**). this petitioner, procedural Note …
notified the Chief Clerk administrator per Rule § 24-1 "Any *comment as to the
operation of the Small Claims Court should be directed to the office of the Chief Court;*
On July 17, 2018 and subsequently on October 26, 2018, Plaintiff forward an affidavit,
specifically alleging,    fraud and collusion.  Exhibit -1

2).   Petitioner respectfully argues that it was error on the prior order (Braffman, Mag)

The order issued without procedural hearing. Exhibit - 2

See Practice Book §3090 thereafter, in Reilly v. State 119 Conn, 217,175

A.582 (1984). A Plaintiff who suffers as in the instant case, argues, that this court

has jurisdiction pursuant to Practice Book §§72 1 (a) (4) and 60-1 despite the

Language of §71-1 (b) (2) which bars a writ of error when" the parties, by failure timely

to seek a transfer or otherwise, have consented to have the case determined by a

court or tribunal from which there is no right to appeal or opportunity for certification".

Plaintiff argues that this court should grant the motion to transfer, procedural, and

under writ of error.

On such rule as § 913 A of the 1963 Practice Book and currently § 572 of the Practice

Book provides, in regards to transferring a Small Claims matters to the regular docket,

Plaintiff complied procedural with following conditions;

a). The Plaintiff, shall filed a Motion to Transfer the case to the regular docket.
   (Entry #120), (entry#122).

b). This motion filed on or before the answer date.

c). The motion to transfer was accompanied by an affidavit.

   A good defense exists specificity the nature of the defense, or
   stating that the case has being properly claimed.

Plaintiff asserts........ General Statutes § 52-270 (a) provides: "CAUSES FOR
WHICH NEW TRIALS MAY BE GRANTED. (a) The court may grant a new trial of
any action that may come before it,  for mispleading, the discovery of new
evidence or want of actual notice of the action to any plaintiff or of a reasonable
opportunity to appear and defend, when a just defense in whole or part existed, or
the want of actual notice to any plaintiff of the entry of a nonsuit for failure to
appear at trial or dismissal for failure to prosecute with reasonable diligence, or
for other reasonable cause, according to the usual rules in such cases.

The judges of the superior court may in addition provide by rule for the granting
of new trials upon prompt request in cases where the parties have not adequately
protected their rights during the original trial of an action."

The Plaintiff complied with Practice Book § 572 (3) which states that "[t]he

moving party shall comply with such terms Noteworthy, to date the defendants

failed, to file an answer, sufficient ground for grant Plaintiff motion.

See  Burns v. Bennett, 220 Conn. 162- Conn.  Supreme Court (1991).

The Petitioner respectfully cites a writ of error, and   cites statutory in support of that

assertion,   in view of the abundance of precedent holding similar motions prior to a

judgment does not constitute a final judgment in the absence of statutory provisions to

such effect  therein, has satisfactory reasons to believe, and does in truth believe, that

there exists a bona fide defense to the plaintiff's action were raised in good faith,

relevant, it would indicate upon the legal sufficiency.

Wherefore' Petitioner respectfully request the following relief:

That January 18, 2019, decision be corrected such the petitioner commence an
     action in regular session of Superior Court.

Respectfully submitted,

The Plaintiff

BY

Lucia Cinotti, Plaintiff-pro se
P.O. Box 2223 Shelton CT  06484
Fineomes100f@aol.com

## CERTIFICATION

THIS IS TO CERTIFY THAT A COPY OF THE ABOVE MOTION WAS MAILED TO THE COUNSEL AND PARTIES
OF RECORDS ON January 4, 2019.

DEFENDANT'S

**Sherd It  U.S.A. LLC**

Attorney: Morrison Mahoney  LLP
One  Constitutional Plaza. 10th flr
Hartford    CT  06103

**L:ahiri Dilip Kumar**

Attorney: Morrison  Mahoney  LLP
One Constitutional Plaza, 10th flr
Hartford    CT 06103

The Plaintiff

BY _____

Lucia Cinotti, Plaintiff -Pro se
P.O. Box 2223 Shelton CT 06484

ORDER    432310

DOCKET NO: FBTCV175034441S

CINOTTI, LUCIA
    V.
SHRED IT U.S.A. LLC Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
    AT BRIDGEPORT

1/18/2019

## ORDER

The following order is entered in the above matter:

ORDER:

The Plaintiff is barred from transferring this adjudged matter to the Superior Court. The legal doctrine of Res Judicata applies.

Judicial Notice (JDNO) was sent regarding this order.

432310
_____

Small Claims Magistrate:
SUSAN HELEN STUBAN MONKS



**State of Connecticut Judicial Branch**
# Superior Court Case Look-up



Superior Court Case Look-up
Civil/Family
Housing
Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us

*e* **FBT-CV17-5034441-S**    CINOTTI, LUCIA v. SHRED IT U.S.A. LLC Et Al

**Prefix:** SMC    **Case Type:** S50    **File Date:** 05/31/2017    **Answer Date:** 07/10/2017

**Case Detail** | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶

To receive an email when there is activity on this case, click here.



Comments

| Information Updated as of: 02/03/2019 |
|---|
| **Case Information** |

**Case Type:** S50 - Small Claims - Small Claims - Tort - Motor Vehicle
**Court Location:** BRIDGEPORT JD
**List Type:** No List Type
**Trial List Claim:**
**Last Action Date:** 01/31/2019  (The "last action date" is the date the information was entered in the system)
**Former Small Claims Docket Number:** SCC-0667313
**Amount Claimed:** $5,000.00

| **Disposition Information** |
|---|

**Disposition Date:** 04/27/2018
**Disposition:** JUDGMENT AFTER COMPLETED TRIAL TO THE COURT FOR THE PLAINTIFF(S)
**Judge or Magistrate:** ELAINE BRAFFMAN, MAG

| **Party & Appearance Information** |
|---|

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01  LUCIA CINOTTI** | | | Plaintiff |
| | PO BOX 2223 | File Date: 05/31/2017 | |
| | SHELTON, CT 06484 | | |
| **D-01  SHRED IT U.S.A. LLC** | | | Defendant |
| **Attorney:** | MORRISON MAHONEY LLP (404459) File Date: 08/25/2017 | | |
| | ONE CONSTITUTION PLAZA | | |
| | 10TH FLOOR | | |
| | HARTFORD, CT 06103 | | |
| **D-02  LAHIRI DILIP KUMAR** | | | Defendant |
| **Attorney:** | MORRISON MAHONEY LLP (404459) File Date: 08/25/2017 | | |
| | ONE CONSTITUTION PLAZA | | |
| | 10TH FLOOR | | |
| | HARTFORD, CT 06103 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an *e* in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 08/25/2017 | | APPEARANCE 🖺 | |
| 100.30 | 05/31/2017 | P | SMALL CLAIMS WRIT AND NOTICE OF SUIT, JD-CV-40 🖺 | No |
| 100.31 | 05/31/2017 | P | SMALL CLAIMS RETURN / STATEMENT OF SERVICE 🖺 | No |
| 100.32 | 05/31/2017 | P | SMALL CLAIMS WRIT AND NOTICE OF SUIT, JD-CV-40 🖺<br>Last Updated:  Legend Code - 10/04/2017 | No |
| 101.00 | 07/19/2017 | C | ORDER 🖺<br>RESULT: Order 7/19/2017 BY THE COURT | No |
| 102.00 | 07/21/2017 | P | MOTION FOR ORDER - SMALL CLAIMS 🖺<br>for Default for Failure to Plead<br>RESULT: Order 7/21/2017 ANDREW SABETTA, MAG<br>Last Updated:  Additional Description - 10/04/2017 | No |
| 102.10 | 07/21/2017 | C | ORDER 🖺<br>RESULT: Order 7/21/2017 ANDREW SABETTA, MAG | No |
| 103.00 | 08/28/2017 | C | ORDER 🖺<br>re: Recusal of a Certain Magistrate<br>RESULT: Order 8/28/2017 BY THE COURT | No |
| 104.00 | 09/18/2017 | P | MOTION TO TRANSFER - SMALL CLAIMS 🖺<br>RESULT: Granted 11/2/2017 HON ARTHUR HILLER | No |
| 104.10 | 11/02/2017 | C | ORDER 🖺<br>RESULT: Granted 11/2/2017 HON ARTHUR HILLER | No |
| 105.33 | 11/02/2017 | C | TRANSFERRED FROM SUPERIOR COURT JUDICIAL DISTRICT OF ANSONIA-MILFORD | No |
| 106.33 | 11/02/2017 | C | TRANSFERRED TO SUPERIOR COURT JUDICIAL DISTRICT OF FAIRFIELD | No |
| 107.00 | 01/17/2018 | D | MOTION FOR CONTINUANCE 🖺<br>RESULT: Granted 1/18/2018 BY THE CLERK | No |
| 107.10 | 01/18/2018 | C | ORDER 🖺<br>RESULT: Granted 1/18/2018 BY THE CLERK | No |
| 108.00 | 01/19/2018 | C | ORDER 🖺<br>RESULT: Order 1/19/2018 PAUL RUSZCZYK, MAG | No |
| 109.00 | 03/02/2018 | C | ORDER 🖺<br>RESULT: Continuance 3/2/2018 JOSEPH PATCHEN, MAG | No |
| 110.00 | 03/12/2018 | P | REQUEST - SMALL CLAIMS 🖺 | No |
| 111.00 | 04/27/2018 | C | ORDER 🖺<br>RESULT: Order 4/27/2018 ELAINE BRAFFMAN, MAG | No |
| 111.79 | 04/27/2018 | C | JUDGMENT AFTER COMPLETED TRIAL TO THE COURT FOR THE PLAINTIFF(S)<br>RESULT: ELAINE BRAFFMAN, MAG | No |
| 112.00 | 05/01/2018 | P | MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS | No |

| | | | | | |
|---|---|---|---|---|---|
| | | | *RESULT*: Granted 5/4/2018 HON WILLIAM RUSH | | |
| 113.00 | 05/10/2018 | P | **MOTION TO OPEN JUDGMENT - SMALL CLAIMS** 📝 *RESULT*: Order 10/26/2018 ELAINE BRAFFMAN, MAG | | No |
| 113.01 | 06/29/2018 | C | ORDER 📝 *RESULT*: Order 6/29/2018 ANDREW LISKOV, MAG | | No |
| 113.02 | 09/28/2018 | C | ORDER 📝 *RESULT*: Order 9/28/2018 ANDREW LISKOV, MAG | | No |
| 113.10 | 10/26/2018 | C | ORDER 📝 *RESULT*: Order 10/26/2018 ELAINE BRAFFMAN, MAG | | No |
| 114.00 | 05/18/2018 | P | MOTION FOR CONTINUANCE 📝 *RESULT*: Granted 5/21/2018 BY THE CLERK | | No |
| 114.10 | 05/21/2018 | C | ORDER 📝 *RESULT*: Granted 5/21/2018 BY THE CLERK | | No |
| 115.00 | 10/22/2018 | P | **MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS** *RESULT*: Denied 10/24/2018 HON EDWARD STODOLINK | | No |
| 116.00 | 11/06/2018 | C | ORDER HEARING AND NOTICE 📝 | | No |
| 117.00 | 11/13/2018 | D | OBJECTION TO MOTION - SMALL CLAIMS 📝 OBJECTION TO HEARING AND MOTION | | No |
| 118.00 | 11/28/2018 | P | OBJECTION - SMALL CLAIMS 📝 | | No |
| 119.00 | 11/30/2018 | P | **MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS** *RESULT*: Granted 11/30/2018 HON EDWARD STODOLINK | | No |
| 120.00 | 12/11/2018 | P | MOTION TO TRANSFER TO REGULAR DOCKET - SMALL CLAIMS 📝 | | No |
| 121.00 | 12/17/2018 | D | OBJECTION TO MOTION - SMALL CLAIMS 📝 to Transfer | | No |
| 122.00 | 01/08/2019 | P | MOTION TO TRANSFER TO REGULAR DOCKET - SMALL CLAIMS 📝 **Last Updated:** Legend Code - 01/08/2019 | | No |
| 123.00 | 01/08/2019 | P | REQUEST - SMALL CLAIMS 📝 Request for Argument Non-Arguable Matter | | No |
| 124.00 | 01/18/2019 | C | ORDER 📝 *RESULT*: Order 1/18/2019 SUSAN MONKS, MAG | | No |
| 125.00 | 01/30/2019 | P | MOTION TO REARGUE/RECONSIDER - SMALL CLAIMS 📝 ↑ NEW | | No |

| Scheduled Court Dates as of 02/01/2019 | | | | |
|---|---|---|---|---|
| FBT-CV17-5034441-S - CINOTTI, LUCIA v. SHRED IT U.S.A. LLC Et Al | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil or family standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by

telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2019, State of Connecticut Judicial Branch

Page Created on 2/3/2019 at 5:50:55 PM

ORDER    432310

DOCKET NO: FBTCV175034441S                SUPERIOR COURT

CINOTTI, LUCIA                            JUDICIAL DISTRICT OF FAIRFIELD
   V.                                       AT BRIDGEPORT
SHRED IT U.S.A. LLC Et Al

1/18/2019

## ORDER

The following order is entered in the above matter:

ORDER:

The Plaintiff is barred from transferring this adjudged matter to the Superior Court. The legal doctrine of
Res Judicata applies.

Judicial Notice (JDNO) was sent regarding this order.

432310
_____

Small Claims Magistrate:
SUSAN HELEN STUBAN MONKS



**State of Connecticut Judicial Branch**
# Superior Court Case Look-up

Superior Court Case Look-up
  Civil/Family
  Housing
  Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us



Comments

---

**FBT-CV17-5034441-S**     **CINOTTI, LUCIA v. SHRED IT U.S.A. LLC Et Al**

Prefix: SMC     Case Type: S50     File Date: 05/31/2017     Answer Date: 07/10/2017

Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶

To receive an email when there is activity on this case, click here.

Information Updated as of: 02/06/2019

| Case Information |
|---|
| **Case Type:** S50 - Small Claims - Small Claims - Tort - Motor Vehicle |
| **Court Location:** BRIDGEPORT JD |
| **List Type:** No List Type |
| **Trial List Claim:** |
| **Last Action Date:** 01/31/2019  (The "last action date" is the date the information was entered in the system) |
| **Former Small Claims Docket Number:** SCC-0667313 |
| **Amount Claimed:** $5,000.00 |

| Disposition Information |
|---|
| **Disposition Date:** 04/27/2018 |
| **Disposition:** JUDGMENT AFTER COMPLETED TRIAL TO THE COURT FOR THE PLAINTIFF(S) |
| **Judge or Magistrate:** ELAINE BRAFFMAN, MAG |

| Party & Appearance Information | | | No Fee Party | Category |
|---|---|---|---|---|
| **Party** | | | | |
| **P-01** | **LUCIA CINOTTI** | | | Plaintiff |
| | PO BOX 2223 SHELTON, CT 06484 | File Date: 05/31/2017 | | |
| **D-01** | **SHRED IT U.S.A. LLC** | | | Defendant |
| | **Attorney:** MORRISON MAHONEY LLP (404459) File Date: 08/25/2017 ONE CONSTITUTION PLAZA 10TH FLOOR HARTFORD, CT 06103 | | | |
| **D-02** | **LAHIRI DILIP KUMAR** | | | Defendant |
| | **Attorney:** MORRISON MAHONEY LLP (404459) File Date: 08/25/2017 ONE CONSTITUTION PLAZA 10TH FLOOR HARTFORD, CT 06103 | | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an *e* in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | Motions / Pleadings / Documents / Case Status | | | |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 08/25/2017 | | **APPEARANCE** 🗒 | |
| 100.30 | 05/31/2017 | P | **SMALL CLAIMS WRIT AND NOTICE OF SUIT, JD-CV-40** 🗒 | No |
| 100.31 | 05/31/2017 | P | **SMALL CLAIMS RETURN / STATEMENT OF SERVICE** 🗒 | No |
| 100.32 | 05/31/2017 | P | **SMALL CLAIMS WRIT AND NOTICE OF SUIT, JD-CV-40** 🗒 <br> **Last Updated:** Legend Code - 10/04/2017 | No |
| 101.00 | 07/19/2017 | C | **ORDER** 🗒 <br> *RESULT:* Order 7/19/2017 BY THE COURT | No |
| 102.00 | 07/21/2017 | P | **MOTION FOR ORDER - SMALL CLAIMS** 🗒 <br> for Default for Failure to Plead <br> *RESULT:* Order 7/21/2017 ANDREW SABETTA, MAG <br> **Last Updated:** Additional Description - 10/04/2017 | No |
| 102.10 | 07/21/2017 | C | **ORDER** 🗒 <br> *RESULT:* Order 7/21/2017 ANDREW SABETTA, MAG | No |
| 103.00 | 08/28/2017 | C | **ORDER** 🗒 <br> re: Recusal of a Certain Magistrate <br> *RESULT:* Order 8/28/2017 BY THE COURT | No |
| 104.00 | 09/18/2017 | P | **MOTION TO TRANSFER - SMALL CLAIMS** 🗒 <br> *RESULT:* Granted 11/2/2017 HON ARTHUR HILLER | No |
| 104.10 | 11/02/2017 | C | **ORDER** 🗒 <br> *RESULT:* Granted 11/2/2017 HON ARTHUR HILLER | No |
| 105.33 | 11/02/2017 | C | **TRANSFERRED FROM SUPERIOR COURT JUDICIAL DISTRICT OF ANSONIA-MILFORD** | No |
| 106.33 | 11/02/2017 | C | **TRANSFERRED TO SUPERIOR COURT JUDICIAL DISTRICT OF FAIRFIELD** | No |
| 107.00 | 01/17/2018 | D | **MOTION FOR CONTINUANCE** 🗒 <br> *RESULT:* Granted 1/18/2018 BY THE CLERK | No |
| 107.10 | 01/18/2018 | C | **ORDER** 🗒 <br> *RESULT:* Granted 1/18/2018 BY THE CLERK | No |
| 108.00 | 01/19/2018 | C | **ORDER** 🗒 <br> *RESULT:* Order 1/19/2018 PAUL RUSZCZYK, MAG | No |
| 109.00 | 03/02/2018 | C | **ORDER** 🗒 <br> *RESULT:* Continuance 3/2/2018 JOSEPH PATCHEN, MAG | No |
| 110.00 | 03/12/2018 | P | **REQUEST - SMALL CLAIMS** 🗒 | No |
| 111.00 | 04/27/2018 | C | **ORDER** 🗒 <br> *RESULT:* Order 4/27/2018 ELAINE BRAFFMAN, MAG | No |
| 111.79 | 04/27/2018 | C | **JUDGMENT AFTER COMPLETED TRIAL TO THE COURT FOR THE PLAINTIFF(S)** <br> *RESULT:* ELAINE BRAFFMAN, MAG | No |
| 112.00 | 05/01/2018 | P | | No |

| | | | | |
|---|---|---|---|---|
| | | | MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS<br>*RESULT*: Granted 5/4/2018 HON WILLIAM RUSH | |
| 113.00 | 05/10/2018 | P | MOTION TO OPEN JUDGMENT - SMALL CLAIMS 🗐<br>*RESULT*: Order 10/26/2018 ELAINE BRAFFMAN, MAG | No |
| 113.01 | 06/29/2018 | C | ORDER 🗐<br>*RESULT*: Order 6/29/2018 ANDREW LISKOV, MAG | No |
| 113.02 | 09/28/2018 | C | ORDER 🗐<br>*RESULT*: Order 9/28/2018 ANDREW LISKOV, MAG | No |
| 113.10 | 10/26/2018 | C | ORDER 🗐<br>*RESULT*: Order 10/26/2018 ELAINE BRAFFMAN, MAG | No |
| 114.00 | 05/18/2018 | P | MOTION FOR CONTINUANCE 🗐<br>*RESULT*: Granted 5/21/2018 BY THE CLERK | No |
| 114.10 | 05/21/2018 | C | ORDER 🗐<br>*RESULT*: Granted 5/21/2018 BY THE CLERK | No |
| 115.00 | 10/22/2018 | P | MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS<br>*RESULT*: Denied 10/24/2018 HON EDWARD STODOLINK | No |
| 116.00 | 11/06/2018 | C | ORDER HEARING AND NOTICE 🗐 | No |
| 117.00 | 11/13/2018 | D | OBJECTION TO MOTION - SMALL CLAIMS 🗐<br>OBJECTION TO HEARING AND MOTION | No |
| 118.00 | 11/28/2018 | P | OBJECTION - SMALL CLAIMS 🗐 | No |
| 119.00 | 11/30/2018 | P | MOTION TO WAIVE ENTRY FEE AND PAY COSTS OF SERVICE - SMALL CLAIMS<br>*RESULT*: Granted 11/30/2018 HON EDWARD STODOLINK | No |
| 120.00 | 12/11/2018 | P | MOTION TO TRANSFER TO REGULAR DOCKET - SMALL CLAIMS 🗐 | No |
| 121.00 | 12/17/2018 | D | OBJECTION TO MOTION - SMALL CLAIMS 🗐<br>to Transfer | No |
| 122.00 | 01/08/2019 | P | MOTION TO TRANSFER TO REGULAR DOCKET - SMALL CLAIMS 🗐<br>**Last Updated:** Legend Code - 01/08/2019 | No |
| 123.00 | 01/08/2019 | P | REQUEST - SMALL CLAIMS 🗐<br>Request for Argument Non-Arguable Matter | No |
| 124.00 | 01/18/2019 | C | ORDER 🗐<br>*RESULT*: Order 1/18/2019 SUSAN MONKS, MAG | No |
| 125.00 | 01/30/2019 | P | MOTION TO REARGUE/RECONSIDER - SMALL CLAIMS 🗐 I NEW | No |

| Scheduled Court Dates as of 02/05/2019 | | | | |
|---|---|---|---|---|
| **FBT-CV17-5034441-S - CINOTTI, LUCIA v. SHRED IT U.S.A. LLC Et Al** | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| No Events Scheduled | | | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings

made by the parties as required by the calendar notices and the civil or family standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Numbers or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2019, State of Connecticut Judicial Branch

Page Created on 2/6/2019 at 8:37:12 AM