```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
LUCIA CINOTTI                 :      Civ. No. 3:19CV00178(CSH)
                              :
v.                            :
                              :
SHRED IT U.S.A. LLC, et al.   :      February 27, 2019
                              :
------------------------------x

## **RECOMMENDED RULING**

On February 6, 2019, plaintiff Lucia Cinotti ("plaintiff") filed a Notice of Removal of a case originally filed in the State of Connecticut Superior Court. See Doc. #1. Simultaneously therewith, defendant filed a motion for leave to proceed in forma pauperis. See Doc. #2. On February 7, 2019, Judge Charles S. Haight referred this matter to the undersigned for a ruling on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. For the reasons articulated below, the Court finds that plaintiff is not entitled to initiate removal of this action, and therefore recommends that this matter be **REMANDED** to the Connecticut Superior Court. The Court further recommends that plaintiff's motion for leave to proceed in forma pauperis be **TERMINATED**, as moot.

1

**I.   Background**

On May 31, 2017, plaintiff filed a Small Claims Writ and Notice of Suit in Connecticut Superior Court.[1] Lucia v. Shred It U.S.A., LLC, et al., FBT-CV17-5034441-S (Conn. Super. Ct. filed May 31, 2017), Entry No. 100.30. Plaintiff sought $5,000 for property damage resulting from a motor vehicle collision on March 20, 2017. See id. "After a lengthy and difficult trial[,]" plaintiff was awarded judgment in the amount of $1,759.58 on April 27, 2018. Lucia, FBT-CV17-5034441-S, Entry No. 111.00 at 1. Between April 27, 2018, and February 5, 2019, plaintiff made various objections to the judgment, claiming that the amount awarded was insufficient to repair the damage to her vehicle, and sought to have her case reopened, reargued, or transferred to other dockets of the Connecticut Superior Court. See Lucia,

---

[1] Plaintiff provided the case number, a printed copy of the docket, and some, but not all, filings and orders filed in the state court matter with her Notice of Removal. See Doc. #1. For the purposes of this Recommended Ruling, the Court takes judicial notice of all filings on the docket in Lucia v. Shred It U.S.A., LLC, et al., FBT-CV17-5034441-S (Conn. Super. Ct. filed May 31, 2017). See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, ... not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); see also 28 U.S.C. §1446(a) (requiring a notice of removal to contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action[]").

FBT-CV17-5034441-S. On February 6, 2019, plaintiff filed the Notice of Removal in this Court. See Doc. #1.

**II.  Applicable Law**

The federal removal statute states: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a) (emphases added).

"No section [of the removal statute] provides for removal by a plaintiff." Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993) (per curiam); see also Martocchio v. Savoir, No. 3:09MC358(DFM), 2009 WL 3248673, at *1 (D. Conn. Oct. 7, 2009) (collecting cases).

Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III, §2, cl. 1. Federal subject matter jurisdiction exists where a plaintiff has alleged a claim arising under the Constitution or laws of the United States, or where the parties are of diverse state citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §1331; 28 U.S.C. §1332. "[Federal] courts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). "[F]ailure of subject matter

3

jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The removal statute provides: "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (citations and quotation marks omitted).

**III. Discussion**

Plaintiff, because she is not a defendant, lacks the authority to remove this case from state court to federal court.[2] "Quite simply, a party who is in the position of a plaintiff

---

[2] Because the Court finds that it lacks subject matter jurisdiction over this action on other grounds, the Court does not address other deficiencies in plaintiff's Notice of Removal, including concerns related to timeliness. While the Court does not offer an opinion at this time as to whether plaintiff's claims are barred by the doctrine of res judicata, and/or the Rooker-Feldman doctrine, the Court notes plaintiff was advised by the Connecticut state Small Claims Magistrate: "The legal doctrine of Res Judicata applies[]" to this case, barring plaintiff's requests for additional relief. Lucia, FBT-CV17-5034441-S, Entry No. 124.00 at 1.

cannot remove." Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863 (2d Cir. 1988).

Additionally, even if plaintiff had such authority, this Court does not have original jurisdiction over the action. In the notice of suit filed in state court, plaintiff asserts that plaintiff and both defendants are citizens of Connecticut. See Lucia, FBT-CV17-5034441-S, Entry No. 100.30. Accordingly, there is no subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. §1332.

The Court also lacks jurisdiction based on federal question jurisdiction. Subject matter jurisdiction based on a federal question applies to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331 (emphasis added). The Supreme Court has stated that "arising under" means that the federal claim "must be an element, and an essential one, of the plaintiff's cause of action[.]" Gully v. First Nat'l Bank, 299 U.S. 109, 112-113 (1936). Plaintiff alleges no federal cause of action in her Notice of Removal nor in the Small Claims Writ and Notice of Suit filed in the Connecticut Superior Court. See Doc. #1; Lucia, FBT-CV17-5034441-S, Entry No. 100.30. Additionally, the factual allegations underlying this case, that a vehicle, operated by one defendant and owned by the other defendant, struck plaintiff's parked car and caused property damage, see

Lucia, FBT-CV17-5034441-S, Entry No. 100.30, do not suggest any federal claim.

Accordingly, the Court recommends that this matter be remanded to the Connecticut Superior Court.

**IV. Conclusion**

The Court recommends that this case be **REMANDED**, to the Superior Court of the State of Connecticut, because plaintiff lacks the authority to remove this action and this Court lacks subject matter jurisdiction over the case. The Court further recommends that plaintiff's motion for leave to proceed in forma pauperis be **TERMINATED**, as moot.

This is a Recommended Ruling. **Any objections to this Recommended Ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order**. Failure to object within 14 days will preclude appellate review. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 27th day of February, 2019.

                                          /s/
                               HON. SARAH A. L. MERRIAM
                               UNITED STATES MAGISTRATE JUDGE